BRYAN SCHRODER
United States Attorney

KELLY CAVANAUGH
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kelly.cavanaugh@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:18-cr-00030-TMB-KFM |
| Plaintiff, | ) ) ) | **PLEA AGREEMENT** |
| vs. | ) ) | |
| STEVEN MICHAEL LEE MCCOMAS, | ) ) ) | |
| Defendant. | ) | |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the First Superseding Information in this case: Count 1: Felon in Possession of a Firearm and Count 2: Conspiracy to Commit a Robbery Affecting Interstate and Foreign Commerce. The parties are free to argue the appropriate U.S.S.G. range at the sentencing hearing. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. The defendant agrees to plead guilty to the following count(s) of the First Superseding Information:

Count 1: Felon in Possession of a Firearm

Count 2: Conspiracy to Commit a Robbery Affecting Interstate Commerce

B. **Elements**

**Felon in Possession of a Firearm**

1) The defendant knowingly possessed a firearm;

2) At the time of the possession the defendant had previously been convicted of a crime punishable by more than one year imprisonment;

3) The firearm had previously traveled in interstate or foreign commerce.

**Conspiracy to Commit a Robbery Affecting Intestate Commerce**

1) The defendant entered into an agreement with one or more persons to obtain or attempt to obtain property from another without that person's consent;

2) The defendant did so or it was reasonably foreseeable that a co-conspirator did so by wrongful use of actual or threatened force, violence, or fear;

3) As a result of the defendant or a co-conspirator's actions, interstate commerce, or an item moving in interstate commerce was actually or potentially delayed, obstructed, or affected in any way or degree.

C. **Factual Basis**

The defendant admits the truth of the allegations in Counts 1 and 2 of the First Superseding Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

On February 9, 2018, the defendant and others entered an agreement to rob a Sicily's Pizza delivery driver in Fairbanks, Alaska. The defendant's telephone was used to order a pizza to a location in Fairbanks. When the delivery driver arrived at the location, two co-conspirators approached the pizza delivery driver armed with firearms and demanded money and the driver's cellphone. One of the co-conspirators put a firearm to the head of the driver and threatened to kill her. The co-conspirators took $100, a pizza, and the driver's cellphone. The ingredients used to make the pizza had previously travelled in interstate commerce, in addition the phone call made to order the pizza was made on a cellular telephone and was made affecting interstate commerce.

In a separate incident in Anchorage, Alaska on February 10, 2018, the defendant was stopped and apprehended by the Anchorage Police for driving a stolen vehicle. This vehicle was taken during another pizza delivery robbery in Anchorage. When the defendant was contacted by the Anchorage

Police, he was in possession of a loaded Kel-Tec, Model: Sub-2000, 9mm semi-automatic rifle. The defendant has a prior conviction for Vehicle Theft in the First Degree, a crime punishable by a term of imprisonment of more than one year. The loaded Kel-Tec firearm had previously traveled in interstate or foreign commerce.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

1) 10 years' imprisonment;

2) a fine up to $250,000;

3) a $100 special assessment; and

4) three years of supervised release.

Count 2: 18 U.S.C. § 1951(a) (Conspiracy to Commit Robbery Affecting Interstate Commerce)

1) 20 years' imprisonment;

2) a fine up to $250,000; and

4) a $100 special assessment; and

5) five years' supervised release.

U.S. v. STEVEN MICHAEL LEE MCCOMAS
3:18-cr-00030-TMB-KFM                Page 6 of 18

Case 3:18-cr-00030-TMB    Document 29    Filed 07/05/18    Page 6 of 18

2. **Other Matters Affecting Sentence**

    a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

    b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set

out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to make arguments about the proper U.S.S.G. range at the sentencing hearing. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the

United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the First Superseding Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

V. **WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410**

   A. **Trial Rights**

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;
- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory

minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

By waiving these rights, the defendant understands that the conviction(s) and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction(s) or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c)

modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

E.  Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow, even if the defendant fails to enter a guilty plea pursuant to this agreement. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f).

## VI.  ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, STEVEN MICHAEL LEE MCCOMAS, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any

plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

U.S. v. STEVEN MICHAEL LEE MCCOMAS
3:18-cr-00030-TMB-KFM                Page 17 of 18

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 1 and 2 of the First Superseding Information.

DATED: 7/5/18

*Steven McComas*
STEVEN MICHAEL LEE MCCOMAS
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 7/5/18

DARREL GARDNER
Attorney for STEVEN MICHAEL LEE MCCOMAS

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 7/5/18

BRYAN SCHRODER
United States of America
United States Attorney